**In re Russell L. HAWKINS, Debtor.**

**Bankruptcy No. 87–00664.**

United States Bankruptcy Court, District of Columbia.

Jan. 15, 1988.

Howard B. Teller, New York City, for debtor.

## ORDER

GEORGE F. BASON, Jr., Bankruptcy Judge.

The Debtor has filed a motion for extension of time in which to file a plan of reorganization. Like an almost identical motion filed by different counsel for a different debtor in the recently-decided case of Russell C. Hughes, No. 86–00331 (Order dated October 19, 1987), this motion exemplifies the frequent confusion by debtors and their counsel as to the precise import of certain provisions of 11 U.S.C. Sections 1112 and 1121.

Sections 1121(b) grants a debtor an exclusive right to file a plan for an initial 120–day period. That period may be reduced or increased, pursuant to Section 1121(d). In this case, if what is sought is an extension of the time period of the Debtor's *exclusive* right to file a plan under 11 U.S.C. Section 1121(b), the motion cannot be granted because it is untimely. The 120–day exclusive period expired on or about November 20, 1987, and the motion was not filed until December 22, 1987. Therefore, no "request ... [was] made within the [120–day] ... period ..." as required by 11 U.S.C. Section 1121(d).

If, however, what is sought is simply a non-exclusive right to file a plan, the Debtor already has that right under 11 U.S.C. Section 1121(a), and (c), without the need for any order of this Court. Section 1121(a) provides that a "debtor may file a plan ... *at any time* ..." (Emphasis added.) The Court can, under 11 U.S.C. Section 1112(b)(4), fix a time for a Debtor to file a plan, on pain of conversion or dismissal of the case, but this Court has not yet done so in this case. Therefore, this Debtor, like any other party in interest in this case, now has and will continue to have until otherwise ordered by this Court, a non-exclusive right to file a plan. The full text of 11 U.S.C. Section 1121 is set forth in the margin.*

NOW THEREFORE IT IS ORDERED that the Debtor's motion is DENIED, either as untimely (if what is sought is extension of the exclusive period) or as premature (if what is sought is extension of a date by which the Debtor is required to file a plan and disclosure statement).

---

* The full text of Section 1121 is:

(a) The debtor may file a plan with a petition commencing a voluntary case, or at any time in a voluntary case or an involuntary case.

(b) Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.

(c) Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if—

(1) a trustee has been appointed under this chapter;

(2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or

(3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.

(d) On request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120–day period or the 180–day period referred to in this section.